UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY CARLTON CLARDY,

       Plaintiff,                                           Case No. 12-11114

v.                                                               Hon. Paul D. Borman
                                                                     Mag. Judge Laurie J. Michelson

DAVID BICIGO,

       Defendant,
_____/

**REPORT AND RECOMMENDATION TO DENY REMAND**

Plaintiff Barry Carlton Clardy, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, filed a *pro se* complaint in Genesee County Circuit Court alleging that Defendant David Bicigo, a laboratory manager employed by the Michigan State Police Forensic Division, planted Plaintiff's DNA on evidence prior to testing by another laboratory. Defendant timely removed the case to this court on the basis of federal question jurisdiction. (Dkts. 1, 13.) Plaintiff filed an "Objection" to the removal (Dkt. 6), which the Court now addresses as a Motion to Remand. The Motion has been fully briefed. (Dkts. 10, 11.) All pretrial matters have been referred to this Court. (Dkt. 4.) For the reasons set forth below, the Court recommends that Plaintiff's Motion to Remand be **DENIED**.[1]

**I.     BACKGROUND**

On or about January 26, 2012, Plaintiff filed a six-paragraph Complaint in Genesee County

---

[1] The Court will proceed by Report and Recommendation as remand motions are deemed dispositive. *See Baker v. LNV Corp.*, No. 11-14086, 2011 U.S. Dist. LEXIS 139558, *2-3 (E.D. Mich. Oct. 28, 2011) (citing *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001)).

Circuit Court against Defendant alleging the following:

> 1. In October 2007, Defendant was informed that the evidence in case No: 40135-90 was going to be sent to another Lab for testing. Defendant agreed to hold the evidence until the Court decided were [sic] the evidence was to be tested.
>
> 2. On January 14, 2008, Defendant took out the evidence that he did not have a Court Order to do, and he started tampering with said evidence, in doing so he planted the DNA of Plaintiff on the evidence. *Smith v. Springer*, 859 F.2d 31 (7th Cir. 1988).
>
> 3. Defendant has violated Plaintiff's Fourteenth Amendment rights when he planted this said evidence.
>
> 4. Defendant did this act willfully, and was working under the color of the law at the time, and had violated Plaintiff's Due Process rights under the Fourteenth Amendment, and Defendant has violated 18 U.S.C. §241, §242.
>
> 5. Once Defendant planted said evidence[,] he then turned the evidence over to Investigator Dennis McDermit from the Mount Morris City Police Department.
>
> 6. Defendant had no right to do anything what so ever [sic] with this evidence, and when he did he violated the Law, and Plaintiff's rights.

(Dkt. 1, Notice of Removal, Ex. A, Compl.) Plaintiff also filed a brief in support of his Complaint which reiterated the allegation that, by planting Plaintiff's DNA on evidence, Defendant "has violated Plaintiff's Federal Constitutional Rights. He did this knowing he was violating Plaintiff's rights and he was working under the color of the law at the time." (*Id.*) While Plaintiff's Complaint and supporting Brief indicate that they were sent to Defendant by mail on February 10, 2012. (*Id.* at Pg ID 6), the envelope addressed to Defendant is post-marked February 13, 2012. (Dkt. 13, Def. Supp. Br., Ex. A.) Defendant received the summons and Complaint on February 15, 2012. (*Id.* at 2.)

On March 13, 2012, Defendant timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) and § 1446(d). (Dkt. 1 at 1.) The Notice states that "[t]he basis for federal court jurisdiction is that the Complaint alleges that the Defendant deprived Plaintiff of his right to due process under the Fourteenth Amendment of the United States Constitution." (*Id.* at 2.) Plaintiff objected to the Removal. (Dkt. 6.) He contends that the state court has jurisdiction to hear a case of constitutional error and that "[t]he only reason Defendant wants this case removed is so Defendant can try to cover up what was done here, and to keep other[s] from finding this out for their cases may have been tampered with as well." (*Id.* at 2.)

## II.  ANALYSIS

The Defendant's removal petition is based on 28 U.S.C. § 1441(b), which provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." District courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if a federal question appears on the face of the well-pleaded complaint. *Louisville & Nashville RR Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 758 (6th Cir. 2000).

The essence of Plaintiff's Complaint is that Defendant violated his Fourteenth Amendment right to due process by allegedly planting Plaintiff's DNA on evidence that was to be laboratory tested. It is true that Plaintiff's Complaint does not specifically reference 42 U.S.C. § 1983. It does, however, allege that Defendant, while acting under color of state law, violated Plaintiff's Fourteenth Amendment rights. These are the "two essential elements" of a section 1983 claim. *Graham v.*

*Nat'l Collegiate Athletic Ass'n.*, 804 F.2d 953, 957 (6th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining that to sufficiently plead a cognizable Section 1983 claim, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law). Additionally, the case cited in Paragraph 2 of the Complaint, *Smith v. Springer*, 859 F.2d 31 (7th Cir. 1988), is a section 1983 case involving an allegation by a former prisoner that the defendant police officers fabricated evidence resulting in the plaintiff's conviction for rape. "[It] is . . . a court's responsibility, in considering either the propriety of removal or the propriety of remand, to look beyond the statutory citations in the pleadings to the nature of the claims as they appear on the face of the complaint at the time the petition for removal was filed." *Hood v. City of Boston*, 891 F. Supp. 51, 54 (D. Mass. 1995).

In *Hood,* the plaintiff pleaded violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitutions, but failed to state anywhere in his complaint that he was invoking 42 U.S.C. § 1983. *Id.* at 53-54. Looking at the nature of the claims presented by the complaint, the court nevertheless found it reasonable to conclude that the complaint claimed a violation of federal rights, which necessarily must be presented under 42 U.S.C. § 1983. *Id.* at 54;[2] *see also Majeske v. Bay City Bd. of Educ.*, 177 F. Supp. 2d 666 (E.D. Mich. 2001) (finding removal proper where Count IV of the complaint alleged a violation of plaintiff's due process rights under the Fourteenth Amendment.)

The same is true here. Plaintiff's Complaint contains a claim "arising under" the laws of the

---

[2]Although *Hood* eventually upheld the plaintiff's dismissal of his federal claims and remanded the case, it affirmed that original jurisdiction existed in the first instance.

United States, specifically 42 U.S.C. § 1983. Thus, the Complaint was properly removed by Defendant pursuant to 28 U.S.C. § 1441(b).[3]

## III. CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that Plaintiff's Motion to Remand be **DENIED.**

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an

---

[3] The Court recognizes that Plaintiff also alleges violations of 18 U.S.C. §§ 241 and 242. These are criminal statutes which do not provide for a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Some courts, therefore, dismiss such claims for lack of jurisdiction, *see Tew v. Yahoo, Inc.*, No. 11-200, 2011 U.S. Dist. LEXIS 41941, at *7 (W.D. Ky. Apr. 18, 2011), while others dismiss them for failure to state a claim upon which relief can be granted, *see, e.g., Dyer v. Brown*, No. 11-730, 2011 U.S. Dist. LEXIS 144554 *adopted by* 2011 U.S. Dist. LEXIS 144555 (S.D. Ohio Dec. 14, 2011). The Court need not decide whether, standing alone, they would be sufficient to confer jurisdiction given that removal is proper under section 1983.

5

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

        s/Laurie J. Michelson  
        LAURIE J. MICHELSON  
        UNITED STATES MAGISTRATE JUDGE

Dated: April 30, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 30, 2012.

        s/Jane Johnson  
        Deputy Clerk