UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY CARLTON CLARDY,

        Plaintiff,                              Case No. 12-cv-11114

                                              Paul D. Borman
                                              United States District Judge

v.

                                              Laurie J. Michelson
                                              United States Magistrate Judge

DAVID BICIGO,

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DKT. NO. 15);
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
DENY REMAND (DKT. NO. 14); AND
(3) DENYING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 6)

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge Laurie J. Michelson's April 30, 2012 Report and Recommendation to Deny Remand. (Dkt. No. 15.) Defendant filed a response to Plaintiff's Objection. (Dkt. No. 17.) For the reasons that follow, the Court DENIES the Objections, ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Plaintiff's Motion to Remand (Dkt. No. 6.)

I.     BACKGROUND

The pertinent background facts of this matter are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (Dkt. No. 14, Report and Recommendation, 1-3.)

1

## II.  STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. "A party who receives [the Magistrate Judge's notice requiring objections to be filed within a specified time] yet fails timely to object is deemed to waive review of the district court's adoption of the magistrate judge's recommendations." *Spencer v. Bouchard*, 449 F.3d 721, 724 (6th Cir. 2006). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes

of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III. ANALYSIS

Plaintiff's six-line objection to Magistrate Judge Michelson's Report and Recommendation fails to comply in any respect with the requirements set forth above for the filing of valid objections to a Report and Recommendation. Plaintiff objects generally "to this case not being remanded back to the Circuit Court," complaining that Defendant "don't [sic] want it found out that he planted evidence in a case . . . ." The Objection professes the merits of Plaintiff's claim against the Defendant but utterly fails to identify any of the Magistrate Judge's findings or specific conclusions on the issue of remand that he deems to be in error. This form of "general disagreement" with the Magistrate Judge's conclusion fails to state a valid objection.

Notwithstanding the failings of Plaintiff's Objection to specifically identify any claimed error in the Magistrate Judge's Report and Recommendation, the Court agrees with the conclusion reached by the Magistrate Judge that Plaintiff's Complaint, alleging that Defendant was "acting under color of state law" when he violated Plaintiff's Fourteenth Amendment right to due process by planting Plaintiff's DNA on certain evidence, is fairly interpreted as stating a claim under 42 U.S.C. § 1983, a claim arising under the laws of the United States, over which this Court has original jurisdiction. Plaintiff's Complaint also alleges that Defendant violated two federal criminal statutes (which parenthetically do not provide for a private right of action) and contains no state law causes of action. The Magistrate Judge thus correctly concluded that Plaintiff's Complaint contains a claim "arising under" the laws of the United States, specifically 42 U.S.C. § 1983, and that the Complaint

was therefore properly removed to this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Objection the Report and Recommendation (Dkt. NO. 15), ADOPTS the Report and Recommendation (Dkt. No. 14) and DENIES Plaintiff's Motion to Remand. (Dkt. No. 6.)

IT IS SO ORDERED.

Dated: 7-20-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE