UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY CARLTON CLARDY,

    Plaintiff,

v.

DAVID BICIGO,

    Defendant.
_____/

Case No. 12-cv-11114

Paul D. Borman
United States District Judge

Laurie J. Michelson
United States Magistrate Judge

<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE MICHELSON'S
REPORT AND RECOMMENDATION (ECF NO. 25);
(2) DENYING PLAINTIFF'S OBJECTIONS TO THE REPORT
AND RECOMMENDATION (ECF NO. 26);
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 3); and
(4) DENYING PLAINTIFF'S MOTION FOR DISCOVERY (ECF NO. 16)</u>

This matter is before the Court on Plaintiff's Objection (ECF No. 26) to Magistrate Judge Laurie J. Michelson's September 6, 2012 Report and Recommendation (ECF No. 25). Defendant filed a response to Plaintiff's Objections. (ECF No. 27.) For the reasons that follow, the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections, GRANTS Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 3) and DENIES Plaintiff's motion for discovery (ECF No. 16).

**I. BACKGROUND**

The pertinent background facts of this matter are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 25, Report and Recommendation, 2-8.) In summary, Plaintiff claims that the Defendant, a forensic

1

analyst for the State of Michigan, tampered with evidence (blood and saliva samples) collected in connection with Plaintiff's prosecution and conviction in state court for criminal sexual conduct. In the instant action, Plaintiff claims that Defendant's tampering with this evidence constitutes a violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Plaintiff filed a nearly identical 42 U.S.C. § 1983 action against this same Defendant in November, 2009, *Clardy v. Bicigo*, No. 09-14487 (E.D. Mich. 2009). District Judge Robert Cleland summarily dismissed Plaintiff's complaint in that case, relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), "because [Plaintiff] challenge[d] his continued imprisonment, which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983." *Id.* (ECF No. 4, Op. & Order of Summ. Dismissal 2-3.) Plaintiff did not appeal Judge Cleland's ruling in his earlier-filed case.

As particularly pertinent to the Court's review of Plaintiff's objections to the Report and Recommendation in the instant case, it is undisputed that as of some date in November, 2008, "Plaintiff knew the evidence had been tampered with [although] at that time it was not known who was tampering with the evidence." (ECF No. 23, Pl.'s Supp. Resp. 1.)

II.  **STANDARD OF REVIEW**

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error' are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

III. ANALYSIS

Plaintiff does not object to the Magistrate Judge's recommendation that Defendant's motion to dismiss be granted because collateral estoppel bars relitigation of Judge Cleland's 1990 dismissal of Plaintiff's prior § 1983 complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Report and Recommendation 10-16.) Nor does Plaintiff object to the Magistrate Judge's conclusion that Plaintiff's criminal law claims must be dismissed. (*Id.* 19-20.) Accordingly, as noted in the Report and Recommendation, by failing to object to these portions of the Report, Plaintiff has waived any

right to appeal these portions of the Magistrate Judge's Report and Recommendation. *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006) (holding that "'only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have'") (quoting *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987)).

Plaintiff's only specific objection to the Report and Recommendation relates to the alternate basis for granting Defendant's motion to dismiss, i.e. the Magistrate Judge's conclusion that the statute of limitations on Plaintiff's tampering claim began to run in November, 2008, when Plaintiff admittedly knew of his injury after receiving the report from Orchid Cellmark Laboratories that found the material on the vaginal swab a mixture consistent with origination from two males. Although the details of his claim are not entirely clear, Plaintiff states that at this point he knew that the evidence had been tampered with because the finding that the sample contained genetic material from two males was allegedly inconsistent with a prior lab report issued in 1990 at the time of his trial. Plaintiff does not dispute the date on which he became aware of the tampering claim: "Defendant keeps talking about the date of the testing [November, 2008]. At that time Plaintiff knew the evidence had been tampered with but at that time it was not known who was tampering with the evidence." (ECF No. 23, Pl.'s Resp. to Def.'s Supp. Br. 1.)

The Court agrees with the Magistrate Judge's ruling that Plaintiff's claim on his tampering allegations accrued in November, 2008, when he admits that he learned of the harm to him, i.e. that someone had tampered with the samples. Accordingly, the instant Complaint, filed over three years later, in January, 2012, is barred by the applicable three-year statute of limitations. "[T]he statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.

1996). When Plaintiff learned in November, 2008, that the Orchid Cellmark testing results indicated that "the vaginal swab [indicated] a mixture consistent with originating from two males," he believed that this contradicted prior lab tests and trial testimony and concluded then that someone had tampered with the evidence. The law of limitations focuses on the event that caused Plaintiff's harm, not on the identity of the perpetrator of the harm. "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003). Moreover, as the Magistrate Judge noted, Plaintiff filed an identical suit against Defendant Bicigo, based upon these same allegations of tampering, in November, 2009. Plaintiff chose not to appeal Judge Cleland's adverse ruling in that case. Even were the Court to entertain equitable considerations bearing on the tolling issue in this case, there is simply no excuse for Plaintiff's failure to file the instant claims within the statutory period.

### IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 25), DENIES Plaintiff's Objections (ECF No. 26) and GRANTS Defendant's motion to dismiss (ECF No. 3) and DENIES Plaintiff's motion for discovery (ECF No. 16).[1]

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 11-29-12

---

[1] The Court also affirms that portion of the Magistrate Judge's Report, also not objected to by Plaintiff, that denies Plaintiff's motion for discovery (ECF No. 16) based upon the dismissal of Plaintiff's complaint.

5